ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERKS OFFICE
U.S.D.C. Atlanta

APR - 7 2010

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

CABLE NEWS NETWORK, INC.,

        Plaintiff,

v.

ROBERT PAISOLA d/b/a THE
DOMAIN HOLDING TRUST OF THE
PHILIPEANS and d/b/a THE
WESTERN CAPITAL GROUP,

        Defendant.

Civil Action No.

**TWT**

**1 : 10 - CV - 103 1**

## COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

COMES NOW, Plaintiff Cable News Network, Inc. ("CNN") and files this

Complaint against Defendant Robert Paisola d/b/a The Domain Holding Trust of

the Philipeans and d/b/a The Western Capital Group (collectively, "Paisola" or

"Defendant"), and shows the Court as follows:

### SUBSTANCE OF THE ACTION

1.     This is an action at law and in equity for breach of contract, federal

trademark infringement, dilution, cybersquatting, state trademark dilution and

injury to business reputation, unfair competition and deceptive trade practices

arising under the federal Lanham Act, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act"), the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) (the "ACPA"), the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. §§ 10-1-370 *et seq.*, 10-1-451, and the common law.

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction of this matter under 28 U.S.C. § 1331(a) by reason of CNN's claims of trademark infringement and dilution under section 39 of the Lanham Act, 15 U.S.C. §§ 1114 *et seq* and under 28 U.S.C. § 1338.  Furthermore, this Court has supplemental jurisdiction over CNN's related state and common law claims pursuant to 28 U.S.C. §1367 because the state law claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

3.      This Court has personal jurisdiction over Defendant Paisola because, on information and belief, Paisola does business in this State, has committed tortious acts in this State, and has otherwise established contacts within this State making the exercise of personal jurisdiction proper.  Moreover, Paisola has contractually consented to jurisdiction in this State.

4.      This District is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because Paisola maintains numerous websites that are interactive and accessible to residents within this District, has taken affirmative steps to inflict and has inflicted

tortious injury upon the business and commercial dealings of CNN, which maintains its corporate headquarters within this judicial district, and a substantial part of the events or omissions giving rise to CNN's claims occurred in this District. Moreover, Paisola has contractually consented to venue in this District.

## THE PARTIES

5.     Plaintiff CNN is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business and headquarters located at One CNN Center, Atlanta, Georgia 30303.

6.     Upon information and belief, Defendant Robert Paisola, at all times relevant herein, was and is the president and CEO of The Western Capital Group. Upon information and belief, Paisola is the registered owner of The Domain Holding Trust of the Philipeans and The Domain Holding Trust of the Philippines.

7.     The Western Capital Group purports to be a corporation maintaining a principal place of business at 63 East 11400 South, Building 221, Sandy, Utah. Western Capital Group is sometimes known as Western Capital Financial Services, Inc. or The Western Capital Family of Companies (collectively, "The Western Capital Group"). Despite the exercise of due diligence, CNN has been unable to determine whether The Western Capital Group or any of its alter ego company names are organized or incorporated under the laws of any state or territory.

8.      Upon further information and belief, Paisola is a resident and citizen of the State of Utah.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A.    CNN's Well Known Trademarks

9.      CNN is among the world's leaders in news and information delivery. CNN provides news and information via its world-famous television programming services, including CNN and CNN International, as well as on the Internet, via <CNN.com>.  CNN's websites operated by CNN and/or its subsidiaries feature the latest multimedia technologies, from live video streaming to audio packages to searchable archives of news features and background information.

10.     Journalists around the world contribute to giving CNN unparalleled global coverage of breaking news and information.

11.     In recognition of the quality and journalistic integrity of CNN's Web sites, the sites have been honored with numerous awards, including the "Best News Site Award" issued by the American Journalism Review; Yahoo's Internet life 5-Star award; New Media's InVision award; and the News/Information Site of the Year from the Academy of Interactive Arts and Sciences.

12.     Nielsen Online recently named CNN's website located at <cnn.com> the Internet's most frequently-visited news gateway, with the website's homepage generating 60 percent more unique visitors than those of its competitors.

4

### i.    **The CNN Mark**

13.    CNN adopted the service mark and trade name "CNN" at least as early as 1980.  Since that time, CNN has continuously used the "CNN" mark in interstate commerce to identify its various news and information services.

14.    Since its adoption and first use of the "CNN" mark, CNN has used the term CNN in the names of many of its broadcast networks, thereby creating a "family" of CNN marks.  Among CNN's many well-known marks are CNN EN ESPAÑOL, CNN INTERNATIONAL, CNNRADIO, and CNN AIRPORT NETWORK.

15.    The U.S. Patent and Trademark Office ("USPTO") has granted CNN numerous registrations for marks that consist in whole or in part of the term "CNN," covering a wide array of good and services, including, but not limited to: Reg. No. 1,597,839 for the stylized mark CNN, covering "cable and television broadcasting services."  Such registrations are valid and subsisting in law, where duly and legally issued, are prima facie evidence of the validity of the marks registered, and constitute constructive notice of CNN's ownership of such marks in accordance with Sections 7(b) and 22 of the Trademark Act of 1946, 15 U.S.C. §§ 1057(b) and 1072.  A true and correct copy of a Patent and Trademark Office website print-out reflecting Reg. No. 1,597,839 is attached hereto as Exhibit A.

16.    Federal registration number 1,597,839 is now incontestable pursuant to Section 15 of the Trademark Act of 1946 (the "Act")(15 U.S.C. §1065) and, pursuant to Section 33(b) of the Act (15 U.S.C. §1115(b)), is conclusive evidence of CNN's exclusive right to use the mark shown therein.

17.    In addition, CNN owns, among others, U.S. Trademark Registration Nos. 2,378,868; 2,382,472; 2,387,137; 2,389,307; 2,392,818; 2,394,908; 2,394,909; 2,394,910; 2,394,911; 2,403,381; 2,403,3831; 2,903,197 for CNN and CNN & Design, which have been used in commerce since as early as February 13, 1985.

18.    In addition to its U.S. trademark registrations, CNN owns registrations for its mark in dozens of countries around the world.

19.    By virtue of CNN's long-standing, continuous and exclusive use of its various CNN marks (collectively referred to as "the CNN Mark") in interstate commerce, CNN owns valid and enforceable trademark and service mark rights in and to the CNN Mark, and it is the exclusive owner of all right, title, and interest in and to the CNN Mark.

20.    By virtue of its lengthy and substantial promotion and sale of its services under the CNN Mark, as well as under the domain name <CNN.com>, the mark and name have become famous and assets of substantial value to CNN.

6

21.    As a result of these and other uses, the CNN Mark is entitled to a broad scope of protection.

###    ii.    CNN's IREPORT Mark

22.    Since at least as early as August 1, 2006, CNN and its subsidiaries have used CNN's IREPORT trademark in connection with telecasting services over the Internet, and with entertainment and educational services. Since that time, the IREPORT mark has served as a distinctive indicator for certain of CNN's telecasting services.

23.    CNN is the owner of pending United States Trademark Application No. 77/433,427 for the IREPORT mark for "audio and video broadcasting services over the Internet or other communications network, namely, uploading, posting and displaying information, audio and video clips," filed on March 27, 2008, claiming a date of first use of August 1, 2006.

24.    CNN also owns pending United States Trademark Application No. 77/434,227 for the IREPORT mark for "application service provider featuring software to enable uploading, posting and displaying information over the Internet or other communications network," filed on March 28, 2008, claiming a date of first use of August 1, 2006.

25.    CNN also owns pending United States Trademark Application No. 77/436,431 for the IREPORT mark for "education and entertainment services,

7

namely, on-going television programming featuring user generated audio and video clips distributed via various platforms across multiple forms of media," filed on April 1, 2008, claiming a date of first use of August 1, 2006.

26.    In addition, CNN also owns pending United States Trademark Application Nos. 77/506,096; 77/506,095; 77/453,235; 77/453,161; and 77/453,154 for IREPORT, IREPORT & Design and I REPORT & Design, which have been used in commerce since as early as August 1, 2006.

27.    The IREPORT marks identified in paragraphs 22 through 26 are collectively referred to herein as the "IREPORT Mark." True and correct copies of the USPTO's electronic records for the above-referenced applications are attached hereto as Exhibit B.

28.    From August 2006 until December 2009, CNN's website located at <cnn.com> featured a webpage dedicated to CNN's IREPORT services. The webpage allowed visitors to submit audio, video, or other eyewitness accounts of newsworthy current events. During that time, the webpage generated nearly 473,000 video, photo, and text submissions.

29.    In February 2008, CNN and/or its subsidiaries launched the website <ireport.com>. CNN's <ireport.com> website is an unedited, user-generated community website that provides users with an open forum and a set of tools and applications to upload, share and discuss news with each other. A true and correct

8

copy of the <ireport.com> homepage as of March 11, 2010 is attached hereto as Exhibit C.

30.    Since July 2008, CNN has telecast a television program entitled "IREPORT For CNN," which is an interactive, international weekly half-hour television news program comprising user-generated content. The submissions to CNN's <ireport.com> website are the basis for the programming featured on the television program "IREPORT For CNN."

31.    CNN has enjoyed great success with the IREPORT brand, which has received significant unsolicited media coverage since August 2006. Major media outlets, such as *New York Times*, *Atlanta Journal-Constitution*, and *Associated Press*, covered the launch of the CNN IREPORT service, and the service has continued to receive media attention since that time.

32.    In December 2009 alone, the <ireport.com> website generated 13.8 million page views and generated 1.9 million unique users. In May 2008, CNN received the Knight News Innovation EPpy Award in large part because of its IREPORT services.

33.    CNN has expended substantial sums in connection with developing consumer brand recognition for the IREPORT Mark.

9

34.    As a result of the foregoing, CNN's IREPORT Mark has acquired a high degree of recognition and distinctiveness, and symbolizes the high quality broadcasting and information services offered by CNN.

35.    Consumers are familiar with and identify CNN's IREPORT brand with CNN, and, by reason of this identification, goods and services associated with the IREPORT Mark are understood by consumers to be produced, marketed and distributed under CNN's authority or otherwise derived from CNN.

36.    CNN's IREPORT Mark is an important factor employed by consumers in identifying the source of CNN's broadcasting and information services, and it is distinctive of those services.

37.    As a result of these and other uses, the IREPORT Mark is entitled to a broad scope of protection.

38.    The IREPORT Mark and the CNN Mark are collectively referred to herein as "CNN's Marks."

**B.    Defendant's History of Unlawful Activity**

39.    Mr. Paisola has been named as a defendant in at least four federal lawsuits alleging, among other things, violations of the Lanham Act, ACPA and the Racketeer Influenced and Corrupt Organizations Act, as well as claims of extortion, defamation, tortious interference with business, and civil conspiracy. *See International Profit Associates, Inc. v. Robert Paisola*, Civ. A. No. 1:06-cv-

10

06154, United States District Court for the Northern District of Illinois (filed

November 13, 2006); *Splash Media LP v. Robert Henry Paisola, et. al.*, Civ. A.

No. 3:07-cv-01693-G-BD, United States District Court for the Northern District of

Texas (filed October 5, 2007); *Whitney Education v. Paisola, et. al.*, Civ. A. No.

0:05-cv-61565-KMM, United States District Court for the Southern District of

Florida (filed September 26, 2005); *Ameriprise Financial v. Robert Paisola, et. al.*,

Civ. A. No. 2:06-cv-00752-PGC (filed September 7, 2006). Paisola has engaged in

other prior conduct that will cause injury to CNN should the public come

to associate Paisola with CNN or the CNN Marks.

40.     Paisola also was named as a respondent in at least two separate World

Intellectual Property Organization ("WIPO") Complaints, in which Paisola was

found to have registered and used in bad faith various domain names incorporating

the well-known and protected marks of others in an attempt to further fraudulent

schemes. *See Playboy Enterprises International, Inc. v. Global Media Domain

Trust*, WIPO Case No. D2006-1543 (February 21, 2007); *Wal-Mart Stores, Inc. v.

Legal Department*, WIPO Case No. D2008-1243 (October 7, 2008). In both

matters, Mr. Paisola was ordered to transfer the domain names to the proper entity.

**C.     The Settlement Agreement**

41.     In or around September 2008, CNN became aware that Paisola had

identified himself on multiple blogs as a Senior IREPORTER for CNN in Atlanta,

11

falsely labeled his stories as CNN reporting and used the email address investigations@cnnlegal.com to solicit leads for his IREPORT stories.

42.    In or around September 2008, Paisola's IREPORT account was terminated by CNN for violation of Section 7(A) of the IREPORT Terms of Use, which states "You agree not to impersonate any person or entity, including, but not limited to, any CNN employee, or falsely state or otherwise misrepresent your affiliation with any person or entity."

43.    In or around September 2008, CNN became aware that Paisola was the owner of at least two domain names incorporating the CNN Mark, <cnnireporter.com> and <cnnlegal.com> (hereinafter, "Domains").

44.    On November 12, 2008, CNN sent a cease and desist letter to Paisola seeking transfer of the Domains and demanding that he discontinue making false associations with CNN via his unauthorized use of CNN marks and holding himself out to be an employee of CNN (hereinafter, the "2008 Letter").

45.    In response to the 2008 Letter, on December 5, 2008, Paisola executed a Settlement Agreement with CNN whereby Paisola agreed to immediately cease and desist infringing upon CNN's trademarks (the "Settlement Agreement").

46.    Pursuant to the Settlement Agreement, Paisola agreed to immediately stop from any future use of CNN's trademarks or service marks, including CNN, IREPORT and/or IREPORTER, as well as any other name or logo that contained

12

CNN or "I" and "REPORT" or "REPORTER" in any combination with one another.

47.    The Settlement Agreement also provides that Paisola will not use in any manner, the marks CNN, IREPORT and/or IREPORTER or any mark, name or domain name that contains these words or is confusingly similar to these marks.

48.    Moreover, pursuant to the Settlement Agreement, Paisola also agreed to immediately and permanently cease and desist referring to himself as an "IREPORTER" and immediately cease and desist from using any CNN press pass or other credentials to suggest that he is employed by, or working on behalf of, CNN.

49.    Lastly, the Settlement Agreement provides that if either CNN or Paisola breaches the agreement, the prevailing party shall be entitled to its reasonable attorneys' fees and costs incurred in connection with an action to enforce the terms of the Settlement Agreement.

**D.    Defendant's Continued Unlawful Activities**

50.    To this day, Paisola continues to infringe upon CNN's Marks, continues to represent himself to be a CNN reporter or IREPORTER, and continues to maintain ownership and/or register new domain names containing the CNN Mark in violation of federal and state law and in direct violation of the Settlement Agreement.

13

51.    For example, Paisola's infringing activities include, but are not limited, to the following:

    a. Paisola's Twitter page contains a prominent display of the CNN stylized logo across the top with the red background typically associated with CNN.  A true and correct copy of Robert Paisola's Twitter page is attached hereto as Exhibit D.

    b. Paisola's LinkedIn page falsely states that "Robert is a regular contributor to . . . CNN." And also states that "Robert is credentialed by . . . CNN I Report…." A true and correct copy of Robert Paisola's LinkedIn Profile is attached hereto as Exhibit E.

    c. Paisola has posted a number of web picture albums to Picasa using or referring to CNN or claiming that he is reporting for CNN.  For example, one such album is dated June 3, 2009 and is titled "Live from The Cowabunga Water Park in Draper Utah, Robert Paisola Reports for CNN" A true and correct copy of a screen shot from Robert Paisola's Picasa web album is attached hereto as Exhibit  F.

    d. On January 26, 2010 Paisola, through The Domain Holding Trust of the Philipeans, registered the domain name <CNNLIVE.INFO>.  A true and correct copy of the WHOIS Report reflecting this registration is attached hereto as Exhibit G.

14

52.    Upon information and belief, Paisola continues to represent himself as a CNN Reporter or CNN IREPORTER to the public as well as various news outlets.

53.    Paisola's services are not licensed, authorized, sponsored, or endorsed or approved by CNN.

54.    CNN's Marks were used extensively and continuously throughout the United States before Paisola began engaging in the actions described above.

55.    Paisola's use of CNN's IREPORT Mark and the CNN Mark in connection with his activities, including the publication and/or provision of "news" stories, blogs, and postings to various websites, is closely related to the services sold or licensed by CNN, and is offered through similar channels of trade.

56.    Paisola's services are likely to deceive, confuse and mislead the public, purchasers and prospective purchasers into believing that Paisola's unlicensed and unauthorized services are licensed by, authorized by or in some manner associated with CNN.  The likelihood of confusion, mistake and deception engendered by Paisola's unlicensed and unauthorized services are causing irreparable harm to CNN.

57.    Paisola's unlicensed and unauthorized services offered in connection with the IREPORT Mark and logo as well as the CNN word mark and logo are calculated to trade on the goodwill and commercial magnetism of CNN's

15

reputation and identity in this District and elsewhere. Paisola also is attempting to pass off his services as those of CNN or its licensees.

58.    Paisola willfully, intentionally and maliciously used and is continuing to use CNN's IREPORT Mark and the CNN Mark, or has adopted imitations of CNN's Marks and combined said imitations with other material likely to cause and enhance confusion, and has otherwise deliberately attempted to pass off his unlicensed and unauthorized services as provided or licensed by CNN.

## COUNT I
## BREACH OF CONTRACT

59.    CNN repeats and incorporates by reference the allegations in paragraphs 9 through 58.

60.    The Settlement Agreement is a valid and binding agreement between CNN and Paisola.

61.    CNN fulfilled all of its obligations under the Settlement Agreement and has met all conditions precedent to bringing this action.

62.    In the Settlement Agreement, Paisola agreed to cease and desist from any future use of the CNN Marks or any other name containing the words "CNN" or "I" and "REPORT" or "REPORTER" in any combination with one another.

63.    From the date of the Settlement Agreement and continuing to the present, Paisola continues to use, display and advertise the CNN Mark and the IREPORT Mark on his Twitter and LinkedIn pages, as well as on numerous

16

Internet blogs, picture sharing websites, and other websites in direct violation of the Settlement Agreement.

64.    Mr. Paisola also agreed not to use in any way the trade name CNN, IREPORT and/or IREPORTER and not to use any mark, name, or domain name containing the words CNN, IREPORT or IREPORTER that is similar to CNN's Marks.

65.    From the date of the Settlement Agreement and continuing to present, Paisola continues to use the CNN, IREPORT and IREPORTER names on his Twitter and LinkedIn pages, as well as on numerous Internet blogs, picture sharing websites, and other websites in direct violation of the Settlement Agreement.

66.    Mr. Paisola agreed not to use any marks owned by CNN, its parent company, Turner Broadcasting System, Inc. ("Turner"), or any other company within the control of Turner, or any mark that is confusingly similar to the CNN Marks or any other marks owned by Turner.

67.    From the date of the Settlement Agreement and continuing to the present, Paisola continues to use the CNN Mark as well as the IREPORT Mark, all of which are owned by CNN, on his Twitter and LinkedIn pages, as well as on numerous Internet blogs, picture sharing websites, and other websites in direct violation of the Settlement Agreement.

17

68.    Furthermore, the Settlement Agreement provides that Paisola immediately and permanently cease and desist referring to himself as an IREPORTER and revise all websites under his ownership or control to accurately state his affiliation with CNN as a former contributor to CNN IREPORT.

69.    Subsequent to the date of the Settlement Agreement Paisola has continued to represent himself as a reporter for CNN or as a CNN IREPORTER on his Twitter and LinkedIn pages as well as on numerous websites and Internet blogs.  Moreover, Paisola has failed to revise all websites under his ownership and control to accurately reflect his status as a former contributor to CNN IREPORT. All of these activities are in direct violation of the Settlement Agreement.

70.    Under the Settlement Agreement Paisola also agreed to immediately and permanently cease and desist from using any CNN press pass or other credentials to suggest that he is employed by or work on behalf of CNN.

71.    Upon information and belief, subsequent to the date of the Settlement Agreement, Paisola has continued to use a fake CNN press pass to gain access to various news media outlets and events where he represents himself as being either employed by or working on behalf of CNN in direct violation of the Settlement Agreement.

72.    Each of the acts described in paragraphs 60 through 71 of this Complaint constitute material breaches of the Settlement Agreement.

18

73.   As a result of these breaches, CNN has been damaged and is entitled to its proximately caused compensatory damages as well as its costs and reasonable attorneys' fees.

## COUNT II
## FEDERAL TRADEMARK INFRINGEMENT

74.   CNN repeats and incorporates by reference the allegations in paragraphs 9 through 58.

75.   Paisola used and continues to use the CNN Mark or confusingly similar imitations of the CNN Mark in connection with unlicensed and unauthorized services.  This conduct is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Paisola's unlicensed and unauthorized services are distributed by CNN or are associated or connected with CNN, or have the sponsorship, endorsement or approval of CNN.

76.   Paisola used and continues to use the CNN Mark or confusingly similar imitations thereof in violation of 15 U.S.C. § 1114, and Paisola's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to CNN's goodwill and reputation as symbolized by CNN's federally registered mark, for which CNN has no adequate remedy at law.

77.    Paisola's actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with CNN's federally registered mark to CNN's great and irreparable injury.

78.    Paisola has caused, and is likely to continue cause, substantial injury to the public and to CNN, and CNN is entitled to injunctive relief and to recover actual damages, Paisola's profits, enhanced profits and damages, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, 1117.

## COUNT III
## FEDERAL UNFAIR COMPETITION

79.    CNN repeats and incorporates by reference the allegations in paragraphs 9 through 58.

80.    Paisola's unlicensed and unauthorized services have caused and are likely to cause confusion, deception and mistake by creating the false and misleading impression that Paisola's services are distributed by CNN or are associated or connected with CNN, or have the sponsorship, endorsement or approval of CNN.

81.    Paisola has made and continues to make false representations, false descriptions and false designations of origin in violation of 15 U.S.C. § 1125(a), including, but not limited to, Paisola's commercial use of CNN's Marks, or confusingly similar imitations thereof.  Paisola's activities have caused and, unless enjoined by this Court, will continue to cause, a likelihood of confusion and

20

deception of members of the trade and public and, additionally, injury to CNN's goodwill and reputation, for which CNN has no adequate remedy at law.

82.    Paisola's actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with CNN to the great and irreparable injury of CNN.

83.    Paisola's conduct has caused, and is likely to continue to cause, substantial injury to the public and to CNN, and CNN is entitled to injunctive relief and to recover actual damages, profits, enhanced profits and damages, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116 and 1117.

**COUNT IV**
**FEDERAL TRADEMARK DILUTION**

84.    CNN repeats and incorporates by reference the allegations in paragraphs 9 through 58.

85.    CNN's Marks are distinctive, strong and famous and became so before Paisola's activities described in this Complaint.

86.    Paisola is making unlicensed and unauthorized commercial use in commerce of CNN's Marks, and Paisola's activities have caused and are continuing to cause dilution of the distinctive quality of CNN's Marks. Paisola's conduct erodes the public's exclusive identification of CNN's Marks with CNN and tarnishes and degrades the positive associations and prestigious connotations of the marks.

21

87.    Paisola willfully intended to trade on CNN's reputation and to cause dilution of CNN's Marks.

88.    CNN therefore is entitled to injunctive relief and to recover actual damages, profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, 1117.

## COUNT V
## VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT

89.    CNN repeats and incorporates by reference the allegations in paragraphs 9 through 58.

90.    By registering and/or using the domain name <cnnlive.info> and by registering various other domain names incorporating the letter string "CNN," Paisola has registered, trafficked in, and used a domain name that is confusingly similar to CNN's Marks.

91.    Paisola registered the domain name <cnnlive.info> and has used it with the intent to divert consumers from CNN's online locations to websites accessible under a domain name that could harm the goodwill represented by the CNN Mark. Paisola registered the domain name <cnnlive.info> with a bad faith intent to profit from this registration or to divert customers seeking CNN's services. Upon information and belief, Paisola also has registered other domain

names incorporating the letter string "CNN" with the bad faith intent to profit from such registrations or to divert customers seeking CNN's services.

92.    Paisola's actions constitute cyberpiracy in violation of 15 U.S.C. § 1125(d).

93.    The unauthorized registration and/or use of the domain names described herein has caused and, unless preliminarily and permanently enjoined, will continue to cause irreparable injury to CNN and to the goodwill associated with the CNN Mark.

94.    Because Paisola's infringing conduct is causing and is likely to cause substantial injury to the public and to CNN, CNN is entitled to injunctive relief, and to recover either statutory damages under 15 U.S.C. § 1117(d) or Paisola's trebled profits, together with CNN's costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT VI
## STATE TRADEMARK DILUTION AND INJURY TO BUSINESS REPUTATION

95.    CNN repeats and incorporates by reference the allegations in paragraphs 9 through 58.

96.    CNN has extensively and continuously promoted and used the CNN Mark and IREPORT Mark throughout Georgia and the United States, and CNN's Marks have thereby become distinctive, well-known symbols of CNN's services.

23

97.    Paisola's unauthorized use of CNN's Marks or confusingly similar

word marks and logos dilute and is likely to dilute the distinctiveness of CNN's

Marks by eroding the public's exclusive identification of these marks with CNN

and by tarnishing and degrading the positive associations and prestigious

connotations of the marks.

98.    Paisola is causing and will continue to cause irreparable injury to

CNN's goodwill and business reputation, and dilution of the distinctiveness and

value of CNN's Marks in violation of O.C.G.A § 10-1-451, as well as the laws of

the several states, including: Alabama, ALA. CODE § 8-12-17 (2003); Alaska,

ALASKA STAT. §45.50.180 (Michie 2002); Arizona, ARIZ. REV. STAT. ANN.

§44-1448.01 (West 2003); Arkansas, ARK. CODE ANN. § 4-71-213 (2002);

California, CAL. BUS. & PROF. CODE § 14330 (West 2003); Connecticut,

CONN. GEN. STAT. ANN § 35-11i(c) (West 2003); Delaware, DEL. CODE

ANN. tit. 6, § 3313 (2002); Florida, FLA. STAT. ANN. § 495.151 (West 2003);

Hawaii, HAW. REV. STAT. ANN. §482-32 (Michie 2003); Idaho, IDAHO CODE

§ 48-513 (Michie 2002); Illinois, 765 ILL. COMP. STAT. ANN. 1036/65 (2003);

Iowa, IOWA CODE ANN. § 548.113 (West 2003); Kansas, KAN. STAT. ANN. §

81-214 (2002); Louisiana, LA. REV. STAT. ANN. § 51:223.1 (West 2003);

Maine, ME. REV. STAT. ANN. tit. 10, § 1530 (West 2003); Massachusetts,

MASS. GEN. LAWS. ANN. ch. 110B, § 12 (West 2003); Minnesota, MINN.

STAT. ANN. § 333.285 (West 2003); Mississippi, MISS. CODE. ANN. § 75-25-25 (2003); Missouri, MO. ANN. STAT. § 417.061(1) (West 2002); Montana, MONT. CODE ANN. § 30-13-334 (2003); Nebraska, NEB. REV. STAT. ANN. §87-140 (Michie 2002); New Hampshire, N.H. REV. STAT. ANN. § 350-A:12 (2003); New Jersey, N.J. STAT. ANN. 56:3- 13.20 (West 2003); New Mexico, N.M. STAT. ANN. § 57-3B-15 (Michie 2002); New York, N.Y. GEN. BUS. Law § 360-l (2003); Oregon, OR. REV. STAT. § 647.107 (2001); Pennsylvania, 54 PA. CONS. STAT. ANN. § 1124 (West 1996); Rhode Island, R.I. GEN. LAWS § 6-2-12 (1992); South Carolina, S. C. CODE ANN. § 39-15-1165 (2002); Tennessee, TENN. CODE ANN. § 47-25-513 (2003); Texas, TEX. BUS. & COM. CODE ANN. § 16.29 (Vernon 2003); Utah, UT. CODE ANN. §70-3a-403 (2002); Washington, WASH. REV. CODE ANN. § 19.77.160 (2003); West Virginia, W. VA. CODE ANN. 47-2-13 (Michie 2003); and Wyoming, WYO. STAT. ANN. § 40-1-115 (Michie 2002).  CNN, therefore, is entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

### COUNT VII
### UNFAIR AND DECEPTIVE TRADE PRACTICES

99.    CNN repeats and incorporates by reference the allegations in paragraphs 9 through 58.

25

100.   Paisola has engaged in deceptive trade practices within the meaning of the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. §§ 10-1-370 *et seq.* by: (1) passing off his services as those of CNN; (2) causing a likelihood of confusion or misunderstanding as to the source, origin or sponsorship of the parties' respective services; (3) causing a likelihood of confusion or of misunderstanding as to the affiliation, connection or association of Paisola or his services with CNN or its services; (4) using deceptive representations or designations of origin in connection with Paisola's services; (5) representing that Paisola's services have the sponsorship or approval of CNN, which they do not have; and (6) engaging in other conduct that similarly creates a likelihood of confusion or of misunderstanding to consumers, potential consumers and the public.

101.   Paisola's conduct in passing off his services as those of CNN, causing a likelihood of confusion or of misunderstanding as to the source, sponsorship or approval of Paisola's services, causing a likelihood of confusion as to Paisola's affiliation, connection or association with another, and otherwise damaging the public also constitutes unfair and deceptive acts or practices in the course of a business, trade or commerce in violation of the unfair and deceptive trade practices statutes of other states, including: Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 1996 and Supp. 1998); Delaware, DEL. CODE ANN. tit. 6,

§§ 2531 to 2536 (1993 & Supp. 1998); Hawaii, HAW. REV. STAT. §§ 481A-1 to

481A-5 (1993); Illinois, 815 ILL. COMP. STAT. ANN. 510/1 to 510/7 (1993);

Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216 (West 1996); Minnesota,

MINN. STAT. ANN. § 325D.43 to .48 (West 1995); Nebraska, NEB. REV. STAT.

§§ 87-301 to 87-306 (1995); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-

12-22 (Michie 1995); New York, N.Y. GEN. BUS. Law § 349 (McKinney 1988);

Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (West 1995); Oklahoma,

OKLA. STAT. ANN. tit. 78, §§ 51 to 55 (West 1995 & Supp. 1998); Oregon,

O.R.S. §§ 646.605 to 646.656 (2003); and Pennsylvania, 73 PA. CONS. STAT.

ANN. §§ 201-1 to 201-9.3 (West 2005).

102.    Paisola's unauthorized use of CNN's Marks, as well as the use of

confusingly similar trademark designations is causing, and is likely to cause,

substantial injury to the public and to CNN.  Therefore CNN is entitled to

injunctive relief and to recover its costs and reasonable attorneys' fees.

### COUNT VIII
### COMMON LAW TRADEMARK INFRINGEMENT
### AND UNFAIR COMPETITION

103.    CNN repeats and incorporates by reference the allegations in

paragraphs 9 through 58.

104.    Paisola's acts constitute common law trademark infringement and

unfair competition, and have created, and will continue to create, a likelihood of

27

confusion to the irreparable injury of CNN unless restrained by this Court. CNN has no adequate remedy at law for this injury.

105.  On information and belief, Paisola acted with full knowledge of CNN's use of, and common law rights to, the CNN Mark and the IREPORT Mark and without regard to the likelihood of confusion to customers, potential customers, and the public created by those activities.

106.  Paisola's actions demonstrate a willful intent to trade on the goodwill associated with CNN's Marks to the great and irreparable injury of CNN.

107.  As a result of Paisola's acts, CNN has been damaged in an amount not as yet determined or ascertainable. At a minimum, however, CNN is entitled to injunctive relief, to an award of Paisola's profits and to actual damages under O.C.G.A. § 51-1-6. In light of the willful and intentional use of CNN's Marks and the need to deter Paisola from similar conduct, CNN additionally is entitled to punitive damages under O.C.G.A. § 51-12-5.1.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff CNN prays that:

1.      Defendant Paisola and all agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons or entities acting for, with, by, through, or under authority from Paisola, or in concert or participation with Paisola, and each of them, be enjoined, preliminarily and permanently, from:

28

a.    using CNN's Marks in word mark or logo form;

b.    using any other marks confusingly similar to CNN's
Marks in connection with Defendant's goods or services;

c.    using any trademark, service mark, name, logo, design,
domain name, or source designation of any kind on or in
connection with Defendant's goods or services that is a
copy, reproduction, colorable imitation, or simulation of
or confusingly similar to, or in any way similar to the
trademarks, service marks, names, or logos of CNN;

d.    using any trademark, service mark, name, logo, design,
domain name, or source designation of any kind on or in
connection with Defendant's goods or services that is
likely to cause confusion, mistake, deception, or public
misunderstanding that Defendant's goods or services are
produced or provided by CNN, or are sponsored or
authorized by or in any way connected or related to
CNN;

e.    using any trademark, service mark, name, logo, design,
domain name, or source designation of any kind on or in
connection with Defendant's goods or services that

29

dilutes or is likely to dilute the distinctiveness of the trademarks, service marks, names, or logos of CNN by eroding their exclusive identification with CNN or tarnishing their positive associations;

f.   passing off, palming off, or assisting in passing off or palming off, Defendant's goods or services as those of CNN, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

g.   using or registering as an electronic address any URL designation or domain name, including, but not limited to the domain name <cnnlive.info>, and all other domain names incorporating the letter string "CNN," that are confusingly similar to, or dilutive of, any of the trademarks, service marks, names, or logos of CNN; and

h.   representing himself in any manner as being associated or affiliated with CNN.

2.   Defendant be compelled to account to CNN for any and all profits derived by Defendant, and for all damages caused to CNN under 15 U.S.C. § 1117, O.C.G.A. § 51-1-6, and the common law;

3.     Based on Defendant's willful and intentional use of marks known to be infringing, CNN be awarded treble damages, as provided for by 15 U.S.C. § 1117(a);

4.     Defendant be required to pay to CNN the costs of this action and its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and (b), O.C.G.A. § 10-1-373(b), and the Settlement Agreement;

5.     Defendant be required to pay prejudgment interest dating from service of this Complaint on any profits, damages, and attorneys' fees awarded as provided for in 15 U.S.C. § 1117;

6.     Based on Defendant's willful and intentional use of CNN's Marks, and to deter such conduct, CNN be awarded punitive damages pursuant to O.C.G.A. § 51-12-5.1;

7.     Based on Defendant's breach of the Settlement Agreement, CNN be awarded its proximately caused compensatory damages and reasonable attorneys' fees;

8.     Defendant be compelled to execute and deliver to CNN all necessary assignments, forms, documents or information needed by CNN to transfer to CNN any and all rights to the domain name <cnnlive.info>;

9.     CNN be awarded the maximum statutory damages permitted for Defendant's acts of cyberpiracy in violation of 15 U.S.C. § 1125(d); and

31

10.    CNN be awarded such other and further relief as the Court may deem just and proper.

Dated: April 7th, 2010.

Respectfully submitted,

_____
James A. Trigg, Esq.
Georgia Bar No. 716285
Jtrigg@KilpatrickStockton.com
Taylor Higgins Ludlam, Esq.
TaLudlam@KilpatrickStockton.com
Georgia Bar No. 140934
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4530
Telephone:  (404) 815-6500
Facsimile:   (404) 815-6555

*Attorneys for Plaintiff*